IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:15-cr-00324-HZ |
| Plaintiff, | ORDER |
| v. | |
| TIAIRRE TRAVONNE CHANEY, | |
| Defendant. | |

HERNÁNDEZ, District Judge:

Defendant Tiairre Chaney moves the Court to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A)(i). A federal district court generally "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, commonly known as compassionate release, to reduce a defendant's sentence for "extraordinary and compelling reasons." Under the original statute, only the Director of the Bureau of Prisons ("BOP") could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf.

1 – ORDER

*United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). But with the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5191 (2018), Congress amended § 3582(c)(1)(A) to also allow a defendant, after first requesting that the BOP move for a reduction on his or her behalf, to directly move the district court for a sentence reduction:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)  Extraordinary and compelling reasons warrant such a reduction; [. . . ]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Defendant has not met § 3582's exhaustion requirement. "[Section] 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). Here, the parties dispute whether Defendant has met this requirement. *See* Def. Decl. ¶ 18, ECF 125; Gov't Resp. 5-6, ECF 127. Because Defendant is being held in a county jail awaiting designation to a BOP facility, Defendant argues that submitting her request to BOP would be "futile" and no exhaustion is required. Def. Decl. ¶¶ 17-18. But district courts in this circuit faced with this question have required the defendant make some effort to exhaust. *See United States v. Plaketta*, Case No.: 19CR1097 JM, 2022 WL 17363886, *2 (S.D. Cal. Dec. 1. 2022) (finding the defendant held in a non-BOP facility had failed to exhaust where there was "no evidence [he] contacted BOP *at all* regarding his possible release options" and citing district court cases requiring "defendants in non-BOP facilities to at least notify the BOP 'in an attempt to pursue administrative remedies before the court can determine exhaustion is futile.'"); *U.S. v. Gonzalez,*

2 – ORDER

451 F. Supp. 1194, 1196 (E.D. Wash. 2020) (finding the defendant had effectively exhausted her administrative remedies where the defendant was being held in a county jail and the BOP had informed the defendant that no one could process her compassionate release request because she had not yet been designated to a BOP facility). Here, there is no evidence Defendant has undertaken any such efforts. On this record, the Court finds that Defendant has not met her burden in demonstrating that she has met the statute's mandatory exhaustion requirement or that it should be waived.

## CONCLUSION

Defendant's Motion to Reduce Sentence [124] is DENIED.

IT IS SO ORDERED.

DATED: September 6, 2023.

_Marco Hernandez_
MARCO A. HERNÁNDEZ
United States District Judge

3 – ORDER